UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-08726-MCS-PVC** | Date | August 25, 2026 |
| Title | ***Armbrister v. Maximus Educ. LLC*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 15) AND REQUEST FOR AN EMERGENCY HEARING (ECF NO. 16)**

Plaintiff Brooke Armbrister, a self-represented litigant, initiated this Fair Credit Reporting Act ("FCRA") case against Defendants Maximus Education LLC d/b/a Aiadvantage ("Aiadvantage") and Naviant, Inc., in the Los Angeles County Superior Court. (Notice of Removal Ex. A ("Compl."), ECF No. 1-1.) Aiadvantage removed the case to federal court, invoking federal-question jurisdiction over the FCRA claim and supplemental jurisdiction over the related state law claims. (Notice of Removal ¶¶ 11–12, ECF No. 1.) Aiadvantage further asserts this Court has jurisdiction based on diversity of citizenship. (*Id.* ¶¶ 20–26.) Plaintiff filed a motion to remand the case back to state court, (Mot., ECF No. 15), and a request for an emergency hearing within the "[n]ext 3 days or so," (Req., ECF No. 16). The Court deems the motion and request appropriate for decision without further briefing or oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court denies the motion for failure to comply with local rules governing motion practice. C.D. Cal. Rs. 6-1, 7-3, 7-4, 7-20, 11-6.2; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Plaintiff did not notice the motion for a specific hearing

date at least 28 days after filing, C.D. Cal. Rs. 6-1, 7-4, did not file a proposed order, *id.* R. 7-20, and did not certify compliance with the type-volume limitation, *id.* R. 11-6.2.

More importantly, the motion fails to comply with the prefiling conference requirement. "[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. The rule requires a prefiling conference to "take place in person, by telephone, or via video conference," and requires a declaration stating "the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).

Here, the motion does not present a declaration confirming compliance with Local Rule 7-3. Without a declaration from Plaintiff confirming that a conference occurred and setting forth the parties' positions regarding each disputed issue, the Court is uncertain whether the issues presented in Plaintiff's motion are disputed. This uncertainty easily could be avoided by conducting a meaningful, thorough pre-filing conference and providing the requisite declaration. *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day.").

The motion is denied without prejudice. The request for an emergency hearing is denied as moot.[1] If Plaintiff seeks to renew her motion, she must take care to

---

[1] To the extent Plaintiff's request for an "emergency hearing" may be liberally construed to seek remand on an emergency or ex parte basis, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Plaintiff fails to demonstrate why such relief is appropriate. Ex parte applications are solely for extraordinary relief and "are rarely justified." *Mission Power Eng'g. Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal.

strictly comply with the local rules governing motion practice and provide a declaration establishing strict compliance with Local Rule 7-3.

**IT IS SO ORDERED.**

1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Plaintiff's filings do not address the *Mission Power* standard or explain why ex parte treatment is appropriate. (*See generally* Req.)